UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JUSTIN D. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:10-CV-278 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MCMINN COUNTY, TENNESSEE, ) | |
| MCMINN COUNTY SHERIFF'S ) | |
| DEPARTMENT, FORMER SHERIFF ) | |
| STEVE FRISBIE, DEPUTY SHERIFF ) | |
| ALICIA SCRUGGS, DEPUTY SHERIFF ) | |
| LORI MCDANIEL, DEPUTY SHERIFF ) | |
| DUSTIN CRANFIELD, DEPUTY SHERIFF ) | |
| AMANDA BRICKER, MCMINN COUNTY ) | |
| JAIL NURSE KAY STANSBURY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is Defendant Kay Stansbury's ("Defendant") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (Court File No. 27).[1] Plaintiff Justin D. Campbell ("Plaintiff") filed a response to Defendant's motion (Court File No. 34), and Defendant submitted a reply (Court File No. 35). For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 27), and dismiss with prejudice all claims brought against Defendant.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims arise out of alleged constitutional violations that occurred while he was

---

[1] In the alternative, Defendant seeks a continuance of the trial date. Because the Court will grant Defendant's motion to dismiss, addressing this issue further is unnecessary. Moreover, on November 16, 2011, the Court issued an order continuing the trial date in response to motions filed by Plaintiff and the other defendants in this case (Court File No. 36). Accordingly, the Court will **DENY AS MOOT** Defendant's request for a continuance.

detained at the McMinn County Jail between September 9, 2009, and September 12, 2009. Plaintiff claims he was denied medical attention following two physical altercations with fellow inmates (Court File No. 1-1). On September 9, 2010, Plaintiff filed a complaint in Tennessee state court against McMinn County, Tennessee, the McMinn County Sheriff's Department, various former and current sheriffs, and "Jane Doe, McMinn County Jail Nurse" (*id.*). Plaintiff alleges the defendants violated the rights "secured to Plaintiff by the provisions of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution[,] 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 245 and Article I of the Constitution of the State of Tennessee §§ 8, 13 and 32" (Count I).[2] He also asserts claims of assault and battery (Count II) and negligence (Counts III and IV). Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and other costs. This matter was removed from state court to the United States District Court for the Eastern District of Tennessee on October 12, 2010.

Plaintiff's process server, Arnold Botts, submits by affidavit that he took all of the summonses and complaints in this case, with the exception of the summons for McMinn County, to the McMinn County Justice Center on September 10, 2010 (Court File No. 34-1). Although Defendant was identified as "Jane Doe, McMinn County Jail Nurse" on the complaint and summons, Mr. Botts claims he inquired at the desk about her name and subsequently handwrote Defendant's name on the summons using different spelling variations of "Stansbury" (*id.*). He admits he would not have recognized Defendant by sight, and he did not have any knowledge of Defendant's name prior to arriving. Mr. Botts claims, while trying to serve process, "a female person was called out

---

[2] Plaintiff also asserts McMinn County, Tennessee "set forth and implemented a policy . . . to deprive [individuals] of treatment while in custody" (Count V) and failed to train its deputy sheriffs involved in the alleged constitutional violations (Count VI) (*id.* ¶¶ 44-51).

2

and stood within earshot of my discussion with the male person. . . . I recall something being said to the female person that gave me the impression that the person to whom they were referring was in fact Kay Stansberry, the Jail Nurse" (*id.* ¶ 8). He further asserts he left the papers with someone who claimed to have authority to accept service on behalf of Defendant, and completed the Return of Service of Summons indicating all the defendants had been served. Defendant, however, avers she was not present when Mr. Botts served process on that day (Court File No. 35). Rather, she claims she did not become aware of the suit until October 4, 2011, when she was personally served with a copy of the amended complaint and summons issued on September 22, 2011 (Court File No. 27).

On November 3, 2011, Defendant filed a motion to dismiss the claims brought against her due to insufficient service of process and the expiration of the statute of limitations.

## II. MOTION TO DISMISS

### A. Insufficient Service of Process

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendant moves to dismiss Plaintiff's complaint for insufficient service of process. Rule 12(b)(5) provides that a complaint may be dismissed for "insufficiency of service of process." A plaintiff is responsible for having the summons and complaint served in accordance with the provisions of Fed. R. Civ. P. 4 and within the time allowed by Fed. R. Civ. P. 4(m). Service can be effectuated through any of the following methods:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).[3]

"If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal "shall follow unless the plaintiff shows good cause for failure to meet the 120-day deadline." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (internal citations omitted). It is the "responsibility of the party opposing the motion to dismiss" to establish good cause and this "necessitates a demonstration of why service was not made within the time constraints." *Id.* (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Moreover, regardless of Defendant's awareness of this lawsuit, the Sixth Circuit has clearly instructed "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). "[D]ue process requires proper service of process in order to obtain in personam jurisdiction." *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976). Thus, proper service of process "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (citing *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

Here, Plaintiff failed to perfect service within the required 120 days and has not established

---

[3] Rule 4(e)(1) of the Federal Rules of Civil Procedure also provides that service of process can be performed in accordance with state law. Tennessee Rule of Civil Procedure 4.04 closely resembles the federal rules by requiring that service be perfected through personal service, or if the individual "evades or attempts to evade service," by leaving the summons and complaint "at the individual's dwelling house or usual abode" or "by delivering the copies to an agent authorized by appointment or by law to receive service" on that person's behalf. Tenn. R. Civ. P. 4.04. For reasons similar to why the Court finds service insufficient under Fed. R. Civ. P. 4(e)(2), the Court also finds service insufficient under Tennessee law.

4

good cause. First, Plaintiff fails to satisfy Rule 4(e)(2)(a) because Defendant was not personally served within 120 days of the filing of the complaint. Defendant claims she was not personally served until October 4, 2011, more than a year after the complaint was filed. Although Plaintiff asserts Defendant was also served on September 10, 2010, the process server can only attest an unidentified woman whom he believed to be Defendant was within earshot when process was served at the McMinn County Justice Center. It is unclear whether the unidentified woman present was, in fact, Defendant. Moreover, even if it was, Plaintiff is not asserting the process server personally served her; rather, the process server claims he delivered the summons and complaint to the person whom he believed to be Defendant's agent. Rule 4(e)(2)(b) does not apply because Plaintiff is not claiming he ever served Defendant at her home. Finally, Rule 4(e)(2)(c) is not met because service was not properly made by delivering a copy of the summons and complaint to an authorized agent. As noted in Plaintiff's complaint, Defendant was "an employee of Woods Memorial Hospital District" (Court File No. 1-1, ¶ 16). According to the Tennessee Secretary of State's website, Stephen A. McSween is the agent authorized by law to accept service of process for employees of the hospital (Court File No. 27). Plaintiff knew Defendant was employed by the hospital, and he easily could have accessed the state filings naming McSween as the authorized agent. However, he chose to serve Defendant at the McMinn County Justice Center instead. Because Plaintiff failed to properly serve Defendant in accordance with Rule 4(e)(2) within the time constraints set by Rule 4(m), the service of process on Defendant is insufficient.

The Court also concludes Plaintiff has not demonstrated good cause. "Good cause" can be shown if there is evidence the defendant intentionally evaded service. *Friedman*, 929 F.2d at 1158. A lawyer's inadvertence or the inadvertence of his clerical staff, however, does not establish good

5

cause. *Id.*; *Davis v. Brady*, No. 92-6300, 1993 WL 430137, at *3 (6th Cir. 1993). Also, "[m]istake of counsel or ignorance of the rules usually does not suffice" to establish good cause. *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Here, Plaintiff's response to Defendant's motion to dismiss fails to demonstrate good cause. Plaintiff simply asserts "it appears that Kay Stansbury was aware of the Summons and Complaint in this action" based on the attestations of Mr. Botts, the process server (Court File No. 34). As noted earlier though, mere knowledge of the suit is not enough. *See LSJ Inv. Co.*, 167 F.3d at 324. Because the Court attributes Plaintiff's failure to properly serve Defendant to be due to inadvertence, mistake, or ignorance of the rules, the Court finds Plaintiff has failed to demonstrate good cause.

### B. Statute of Limitations

Furthermore, Defendant asserts she was not properly served within the applicable statute of limitations. For civil rights actions, including 42 U.S.C. § 1983 and 42 U.S.C. § 1985 claims alleging constitutional violations, a federal district court must use the statute of limitations "of the state where it sits which would be applicable in the most closely analogous state action." *Carmicle v. Weddle*, 555 F.2d 554, 555 (6th Cir. 1977). Plaintiff's federal and state civil rights actions arose in Tennessee and the applicable statute of limitations is one year. *See* Tenn. Code. Ann. § 28-3-104;[4] *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (noting federal courts apply the state personal injury statute of limitations in civil rights actions, including § 1983 and § 1985). Similarly,

---

[4] The statute provides:
> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
> (1) Actions for . . . injuries to the person . . . .
> (3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes . . . .

6

Plaintiff's state law personal tort claims, such as the negligence and assault and battery claims, have a one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104; *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003). Here, Plaintiff asserts the injury that was the basis of his action occurred, at the latest, on September 12, 2009. Therefore, Plaintiff's statute of limitations expired on approximately September 12, 2010.

Even applying Rule 3 of the Tennessee Rules of Civil Procedure governing certain circumstances when the statute of limitations can be tolled, this Court still concludes Plaintiff did not properly serve Defendant within the applicable statute of limitations. Rule 3 provides the following:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process* or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3 (emphasis added); *Dolan v. United States*, 514 F.3d 587, 595 (6th Cir. 2008). Here, the action was commenced when Plaintiff filed his complaint on September 9, 2010. Although the first summons was issued for service of Defendant on September 9, 2010 (Court File No. 1-2), Defendant was not properly served within 90 days of its issuance. As a result, under Tennessee law, the statute of limitations would only be tolled if Plaintiff properly continued the matter by obtaining issuance of new process on or before September 9, 2011. The record, however, shows Plaintiff did

7

not seek issuance of new process until September 22, 2011 (Court File No. 25). Thus, Plaintiff cannot rely upon the original commencement of the filing of his complaint to toll the statute of limitations under Tenn. R. Civ. P. 3. Because service was not perfected until October 4, 2011, well beyond the applicable statute of limitations, the Court finds Plaintiff's claims against Defendant are time-barred by the statute of limitations.

## III. CONCLUSION

In sum, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 27) due to insufficient service of process under Fed. R. Civ. P. 12(b)(5) and the expiration of the applicable statute of limitations. All claims brought against Defendant shall be **DISMISSED** with prejudice.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**